As for Appellants' query whether the Commonwealth or local government units "should gain the benefit of the possession of unclaimed bondholder funds," Brief for Appellants at 15, the parties have not forwarded any information suggesting that the General Assembly expressly considered a case in which either a local government or the Commonwealth must reap a benefit from the investment of unclaimed bond funds prior to escheatment. As political subdivisions are creatures of the Commonwealth, however, *see City of Phila. v. Schweiker*, 579 Pa. 591, 605, 858 A.2d 75, 84 (2004), we see no reason to suppose that the Legislature would necessarily have favored the latter over the former. More to the point, it is not evident that the legislative body would have sought to confer upon Pennsylvania taxpayers generally a small, diffuse benefit at the expense of the more focused interests of municipal residents whose taxes are ultimately used to pay debt servicing on the bonds (*see supra* note 1). Indeed, it is difficult to see how this would comport with basic notions of fairness or serve the Debt Act's overall purposes to enable, limit, and control municipal borrowing. *See generally Lehigh Valley Coop. Farmers v. Bureau of Employment Sec.*, 498 Pa. 521, 526, 447 A.2d 948, 950 (1982) ("[I]n ascertaining legislative intent, the practical results of a particular interpretation may be considered.").

In light of the above, we conclude that, where a missing property owner lacks ownership rights relative to income earned on that property during the pre-escheatment period, and the local government is otherwise entitled collect such income and use it for public purposes such as debt

servicing, the municipality is not required thereafter to transfer it to the Commonwealth along with the unclaimed property at the expiration of the escheatment period.[12] Accordingly, we agree with the common pleas court and the Commonwealth Court that Appellants were not entitled to judgment on the pleadings.

The order of the Commonwealth Court is affirmed, and the case is remanded for further proceedings consistent with this Opinion.

Former Justice GREENSPAN did not participate in the decision of this case.

Chief Justice CASTILLE, Justices EAKIN, BAER, TODD and McCAFFERY join the opinion.

**Laverne HARRIS; Elizabeth Clark; Gary Christopher; Derrick Bostic, Appellants**

**v.**

**Edward G. RENDELL, Governor of Pennsylvania and Pennsylvania Board of Probation and Parole and Pennsylvania Department of Corrections, Appellees.**

Supreme Court of Pennsylvania.

April 28, 2010.

---

under the Unclaimed Property Act. *See* Brief for Appellee at 8–9. We need not address this specific contention because the issue is capable of resolution through interpretation of the initial part of the definition, as set forth herein.

12. This conclusion is consistent with the position maintained by the Treasurer of Pennsylvania. *See generally* 1 Pa.C.S. § 1921(c)(8) (permitting courts to consider administrative interpretations of statutes whose words are not explicit on the issue under consideration).

## *ORDER*

PER CURIAM.

**AND NOW,** this 28th day of April, 2010, the Order of the Commonwealth Court is hereby **AFFIRMED.**

**Miguel ALICEA, Appellant**

v.

**DEPARTMENT OF CORRECTIONS, Appellee.**

Supreme Court of Pennsylvania.

April 28, 2010.

## *ORDER*

PER CURIAM.

**AND NOW,** this 28th day of April, 2010, the May 12, 2009 Order of the Commonwealth Court granting judgment on the pleadings in favor of the Department of Corrections is **AFFIRMED.**

**Robert HUGHES, Appellant**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, and Pennsylvania Department of Corrections, Appellees.**

Supreme Court of Pennsylvania.

April 29, 2010.

## *ORDER*

PER CURIAM.

**AND NOW,** this 29th day of April, 2010, the Order of the Commonwealth Court is **AFFIRMED.**